In the Matter of DONALD MACDONALD et al., as Executors of H. MABEL MACDONALD, Deceased, Petitioners, against ROLLIN BROWNE et al., Constituting the State Tax Commission, Respondents.— This is a proceeding under article 78 of the Civil Practice Act in the nature of certiorari to review a final determination of the State Tax Commission affirming taxes assessed against the estate of H. Mabel MacDonald, deceased, under section 186-a of the Tax Law for the quarter-year periods from the quarter ending February 29, 1940, to and including the quarter ending November 30, 1942. The sole question presented

is the validity under the due process and equal protection clauses of the United States Constitution (U. S. Const., 14th Amendt., § 1) of the taxing statute in its application to petitioners. The estate of H. Mabel MacDonald, deceased, during the periods in question, was the owner of a four-story building in the city of New York with stores on the ground floor and offices and assembly rooms on the floors above, which it leased to various tenants. The landlord, pursuant to the terms of the leases, supplied the tenants with electricity and water. It purchased the electricity from the Consolidated Edison Co. of New York, Inc. and the water from the city of New York. In some instances, the charge to the tenants for electricity and water was at a specified price per month and in others the charge was computed upon the basis of the amount of the commodity consumed as measured by meters. In one instance the charge for water was included in the rental. The landlord's motive in selling the commodities was the profit accruing from purchasing at wholesale rates and selling at retail rates. Section 186-a of the Tax Law, as amended by chapter 137 of the Laws of 1941, does not violate the due process or equal protection clauses of the United States Constitution (*Matter of 436 W. 34th St. Corp.* v. *McGoldrick*, 288 N. Y. 346 [1942], motion for reargument denied, 289 N. Y. 673; *Matter of Lacidem Realty Corp.* v. *Graves*, 288 N. Y. 354, motion for reargument denied, 289 N. Y. 675). The single point of difference between those cases and the present one is that in those cases the attack was under the due process and equal protection clauses of the State Constitution rather than under those clauses of the Federal Constitution — a difference wholly without significance on the legal principles involved. Determination of the State Tax Commission confirmed, with fifty dollars costs and disbursements. All concur.