■ In the Matter of BREEZY POINT SURF CLUB, INC., et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a sales and use tax assessment against the petitioners under articles 28 and 29 of the Tax Law. The petitioners are a beach club and two of the club's officers. The beach club has various athletic and social facilities which are available for use by its members. Membership dues did not entitle a member to use of the "cabanas", which were separately rented to members on a seasonal basis. These cabanas, which members were not required to rent, were permanent wooden structures and were divided into separate rooms, including kitchen, bath and sleeping facilities. Members renting a cabana were given exclusive possession for the entire summer season and locked it with their own lock. The beach club did not pay sales and use taxes on the moneys received from the rental of the cabanas from 1971 to 1974, and the respondent held that these receipts were taxable since they constituted dues within the meaning of the Tax Law (Tax Law, § 1101, subd [d], par [6]). Petitioners then brought this article 78 proceeding to set aside that determination. New York State does not impose a sales tax on receipts from the rental of real estate (see Tax Law, § 1105). Petitioners contend that the moneys received from the cabana rentals are not "dues paid to any social or athletic club" (Tax Law, § 1105, subd [f], par [2]) but are instead receipts from the rental of real estate and thus not subject to the sales tax. We agree. The record discloses that there is a valid landlord and tenant relationship between the beach club and its members who elect to rent cabanas. Accordingly, the moneys from these rentals are not dues subject to the sales tax. This decision is consistent with the position taken by the Department of Taxation and Finance which has stated that the rental of a "bungalow or apartment, having a private bathroom and kitchen in addition to sleeping rooms," is not subject to the sales tax (Opns of Counsel of Dept of Taxation & Fin, NYS Tax Bulletin No. 1966-1, p 78). Thus, where the facilities rented were for all practical purposes bungalows or apartments, the petitioners should not be required to pay a sales tax merely because they chose to call them "cabanas." Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.