OPINION OF THE COURT
Robert F. Doran, J.
This CPLR article 78 proceeding seeks review of a determination dated March 13, 1987 sustaining a March 20, 1985 notice of determination and demand for payment of sales and use taxes due on the fees charged to members of the Racquet & Tennis Club for lessons (primarily squash) given by professional sports instructors at the club.
For the period in question, March 1, 1981 to February 29, 1984, petitioner operated a private club having social and athletic facilities including a restaurant, a bar, a library, and courts for racquets, tennis and squash. Membership dues were assessed. When a club member wanted to take a lesson in *125 racquets, tennis or squash, he telephoned the club and established a lesson time with the professional of his choice. A separate fee for the lesson appeared on the member’s monthly statement of charges from the club, as did a fee for the use of the court.
The club collected a sales tax on the court fee, but not on the lesson fee. No money was exchanged at the club for the lesson. The amount of the lesson fee was established annually by the club. The professional who gave the instruction was paid weekly by the club, receiving the amount billed by the club for the lesson, minus withheld Social Security and income taxes and insurance premiums. The club retained no part of the fee.
Although the record is not as clear as it might be, it appears that the professionals were considered club employees. It is not at all clear whether the instruction fees were the total amount they were paid. Although an "outside” professional could provide lessons at the club, he would have to do so as a guest, and members are limited to two guests per month.
Tax Law § 1101 (d) (6) defines "dues” as follows: "Dues. Any dues or membership fee including any assessment, irrespective of the purpose for which made, and any charges for social or sports privileges or facilities, except charges for sports privileges or facilities offered to members’ guests which would otherwise be exempt if paid directly by such guests.”
Respondent takes the position that the lesson fees are subject to the sales and use tax because petitioner withholds taxes and insurance premiums. Respondent’s interpretation must be upheld by the court unless it is irrational or unreasonable (Matter of Colt Indus. v New York City Dept. of Fin., 66 NY2d 466, 471).
Petitioner relies on the holding in Matter of Breezy Point Surf Club v State Tax Commn. (67 AD2d 760, affd on opn below 48 NY2d 776). Reliance on that case is misplaced because the fees charged in that case for renting cabanas were considered receipts from the rental of real property and because there was a valid landlord and tenant relationship between the club and its members. In the instant case, the fees are not paid for real estate and there is no landlord and tenant relationship.
Petitioner also relies on Declaratory Ruling 80-02 (TSB-H-80-[23]-S, Feb. 8, 1980). In that ruling, the Tax Commission held that caddy fees assessed by a golf club were not dues *126 since the fees collected by the club were dispersed in toto to the caddy who actually performed the service. The club was acting solely as a conduit. Respondent asserts that its interpretation in the instant case is consistent with Declaratory Ruling 80-02.
The court concludes that petitioner has not sustained its burden of proving that respondent’s interpretation is irrational or unreasonable. Petition is denied in all respects.