OPINION OF THE COURT
Leonard N. Cohen, J.
In motion number 33, plaintiff, Empire State Building Company, moves for a preliminary injunction, pursuant to CPLR 6301, tolling the running of the 90-day period within which it may challenge the imposition or amount of sales tax, interest and penalties claimed as due in the proposed statement of audit adjustment issued to plaintiff, dated February 21, 1990, or assessed in the notice of determination issued to plaintiff or its general parties, dated June 27, 1990, by filing a petition for administrative review (PAR) with the New York State Division of Tax Appeals, pursuant to Tax Law § 1138.
In motion numbers 12 and 11, respectively, defendant New York State Department of Taxation and Finance (the State) and defendant City of New York Department of Finance (the City), move, pursuant to CPLR 3211 (a), to dismiss the complaint. Plaintiff cross-moves, pursuant to CPLR 3211 (c) and 3212, for summary judgment.
This is an action by plaintiff, the lessor of commercial office space in the Empire State Building located at 350 Fifth Avenue, New York, New York (the building) for a declaratory judgment as to whether the defendant taxing authorities have the right to impose and collect sales taxes from plaintiff on nonmetered electricity rent inclusion charges paid by plaintiff’s tenants.
On February 21, 1990, the State issued an audit statement to plaintiff claiming that plaintiff owed back sales taxes, with interest and penalties, amounting to $4.1 million for sales taxes which plaintiff allegedly had failed to collect from its tenants for the years 1985 through 1989. It is undisputed that for the last 20 years, plaintiff has been distributing nonmetered electricity to the majority of its tenants and collecting rent for the service computed according to a charge per square foot formula contained in each tenant’s lease. Some of plaintiff’s tenants have individual electrical submeters which measure their exact electrical consumption. However, the nonmetered tenants do not pay for their actual electrical consumption.
*749 This court notes that despite having audited plaintiff on several prior occasions, defendants have never before collected or sought to collect sales tax on nonmetered electricity rent inclusion charges paid by plaintiff’s tenants.
Defendants’ main argument in support of their respective motions for dismissal of the complaint is that plaintiff has failed to exhaust administrative remedies. Defendants contend that after exhausting its administrative remedies, plaintiff’s sole and exclusive remedy is to bring a CPLR article 78 proceeding. This argument is without merit. The rule requiring that administrative remedies be exhausted before a party may litigate in court need not be followed where, as here, an agency’s action is challenged as either unconstitutional or wholly beyond the agency’s grant of power (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Here, plaintiff is not challenging the amount of the tax allegedly owed, but the very right of the defendant taxing authorities to impose and collect a sales tax on nonmetered electricity rent inclusion charges paid by plaintiff’s tenants. The issue in this action is one of pure statutory analysis regarding whether the tax applies and can be decided as a matter of law (cf., Allstate Ins. Co. v Tax Commn., 67 NY2d 999, 1001 [1986]).
Accordingly, that branch of defendants’ motions seeking dismissal of the complaint based upon plaintiff’s failure to exhaust administrative remedies is denied.
Defendants’ argument that this court lacks subject matter jurisdiction is also without merit. Said claim is premised upon the exclusive remedy provision contained in Tax Law §§ 1138, 1139 and 1140. Section 1140 provides as follows: "The remedies provided by sections eleven hundred thirty-eight and eleven hundred thirty-nine shall be exclusive remedies available to any person for the review of tax liability imposed by this article; and no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by an action for declaratory judgment, an action for money had and received, or by any action or proceeding other than a proceeding under article seventy-eight of the civil practice law and rules.”
However, plaintiff herein is not challenging the correctness of the amount of defendants’ determination of its tax liability. Rather, plaintiff is challenging the applicability or constitutionality of a taxing statute. Under such circumstances, the exclusivity provisions of Tax Law § 1140 do not preclude a *750 declaratory judgment action such as the instant action (Richfield Oil Corp. v City of Syracuse, 287 NY 234, 239 [1942]; Horner v State of New York, 107 AD2d 64 [3d Dept 1985]; National Merchandising Corp. v New York State Dept. of Taxation & Fin., 63 AD2d 785, 786 [3d Dept 1978]; see also, Tally v Griffin, 429 US 68 [1976]).
Accordingly, that branch of the motions by defendants seeking dismissal of the complaint based on lack of subject matter jurisdiction is denied.
Tax Law § 1105 (b) provides, in pertinent part, as follows:
"there is hereby imposed and there shall be paid a tax of four percent upon * * *
"(b) The receipts from every sale, other than sales for resale, of gas, electricity, refrigeration and steam, and gas, electric, refrigeration and steam service of whatever nature”.
Section 9447 (1) of McKinney’s Unconsolidated Laws of NY (L 1963, ch 257, § 1, as amended) authorizes the City of New York to impose a commercial rent or occupancy tax at a rate of lVz% of the rent paid by "persons occupying premises in such city for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity”.
The Appellate Division, First Department, has confirmed without opinion an administrative determination of the Finance Administrator of the City of New York which found that separately stated charges for heating, ventilation and air-conditioning services in a taxpayer’s lease were taxable under the commercial rent tax (Matter of Time, Inc. v Michael, 91 AD2d 1207 [1st Dept 1983]). However, such services were not subject to the imposition of sales tax (supra).
In the case at bar, there has been no "sale” or "resale” of electricity by plaintiff to its lessees who do not have individual submetering. Rather, plaintiff landlord has redistributed electricity to its tenants for which it is entitled to be compensated (Compton Adv. v Madison-59th St. Corp., 91 Misc 2d 768 [Sup Ct, NY County 1977], affd 63 AD2d 942 [1st Dept 1978]). The formula applied by petitioner for computing the amount of additional rent for the redistribution of nonmetered electricity does not represent the actual economic cost of the service supplied but constitutes an element of the rent (Matter of Mobil Oil Corp. v Finance Adm’r of City of N. Y., 58 NY2d 95 [1983]).
As a rule of statutory construction, a statute which levies a tax is to be construed most strongly against the taxing author *751 ity and in favor of the taxpayer (Matter of SIN, Inc. v Department of Fin., 126 AD2d 339, 343 [1st Dept 1987], affd 71 NY2d 616 [1988]; American Locker Co. v City of New York, 308 NY 264, 269 [1955]). " 'A tax law should be interpreted as the ordinary person reading it would interpret it’ ” (Matter of Holmes Elec. Protective Co. v McGoldrick, 262 App Div 514, 518 [1st Dept 1941], affd 288 NY 635 [1942]; New York State Cable Tel. Assn. v State Tax Commn., 59 AD2d 81, 83 [3d Dept 1977]).
Taxing statutes should be construed liberally in favor of the taxpayer and to avoid double taxation (Matter of City of New York v Procaccino, 46 AD2d 594, 595 [3d Dept 1975]). Although double taxation is not ipso facto prohibited, in order for it to be permissible, it must appear unmistakably that the Legislature intended such an imposition; and such legislative intent may not be inferred (Socony-Vacuum Oil Co. v City of New York, 247 App Div 163, 165 [1st Dept], affd 272 NY 668 [1936]). All presumptions are against such an imposition (supra; Tennessee v Whitworth, 117 US 129, 137 [1886]).
Here, it would appear that the imposition of sales tax on the redistribution of electricity by plaintiff to its tenants, who pay commercial occupancy rent tax as well, would amount to double taxation. Ordinarily, rent payments are not taxable (Matter of Breezy Point Surf Club v State Tax Commn., 67 AD2d 760 [3d Dept 1979], affd 48 NY2d 776). Defendants have failed to overcome the presumption against such double taxation, particularly in the face of the undisputed practice over several decades of not having treated the redistribution of unmetered electricity by a landlord to commercial tenants as a "sale” or "resale”.
Accordingly, plaintiff’s cross motion for summary judgment and its motion for injunctive relief are granted. The court declares that defendants do not have the statutory authority to impose and collect sales tax on the nonmetered electricity rent inclusion charges paid by plaintiff’s commercial tenants. Therefore, the notice of determination issued to plaintiff is declared null and void. Defendants’ motions to dismiss the complaint are denied.
[Portions of opinion omitted for purposes of publication.]