■ SAGE REALTY CORPORATION et al., Appellants, v CAROL O'CLEIREACAIN, as Commissioner of Finance of the City of New York, Respondent, et al., Defendant.—Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 8, 1991, which declared that plaintiffs are vendors of utility services liable for payment of a utility tax for electricity they supply to non-metered commercial tenants, and order of the same court and Justice, entered June 13, 1991, which, upon granting plaintiffs' motion for reargument adhered to the order entered on or about March 8, 1991, unanimously affirmed, without costs.

Interpreting the tax law as an ordinary person would interpret it *(Matter of Holmes Elec. Protective Co. v McGoldrick,* 262 App Div 514, 518, *affd* 288 NY 635), plaintiffs clearly fall within the statutory definition of a "vendor of utility services" as one who sells, furnishes or redistributes utility services (Administrative Code of City of NY § 11-1101 [7], [12]; § 11-1102.1 [b] [2]). Plaintiffs contend that the monies collected

pursuant to rent inclusion clauses for non-metered tenants are already subject to a commercial rent or occupancy tax paid by the tenants, and that the imposition of the utility tax is therefore an impermissible attempt at double taxation. However, the Legislature has the power to impose, or to delegate to a municipality the power to impose, double taxation albeit its intention to do so "must be clearly and distinctly expressed, it may not be inferred, and every presumption is against it" *(Socony-Vacuum Oil Co. v City of New York,* 247 App Div 163, 165, *affd* 272 NY 668). Such an intention is manifest here, the Legislature having authorized both the commercial rent tax and the utility tax (L 1963, ch 257; L 1965, ch 93), and Tax Law § 186-a (2) (a) not being limited solely to sub-meters. The cases relied on by plaintiffs *(Empire State Bldg. Co. v New York State Dept. of Taxation & Fin.,* 150 Misc 2d 747; *Matter of Parklane Hosiery Co.,* File No. 803063, NY State Div of Tax Appeals, Dec. 28, 1990) concerned whether a sales tax could be imposed on redistributed electricity, it being held that the payments by non-metered tenants were not for the sale of electric service but additional charges imposed by their landlords as a condition for the rental, that it would be an unjust imposition of double taxation to require tenants to pay both a commercial rent tax and a sales tax for the same service. Here, in contrast, a different taxpayer, the landlord, is required to pay the utility tax and thus there is no double taxation *(see, Tennessee v Whitworth,* 117 US 129, 137). It should also be noted that the tax in question falls only on the profits received from the redistribution of electricity. The landlord is able to deduct the cost of the electricity, upon which the vendor utility has already paid a utility tax. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Kassal, JJ.