■ EMPIRE STATE BUILDING COMPANY, Respondent, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Leonard Cohen, J.), entered February 20, 1991, which denied defendants' motion to dismiss the action for plaintiff's failure to exhaust administrative remedies, granted plaintiff's motion for a preliminary injunction tolling the 90-day Statute of Limitations for plaintiff to administratively challenge certain sales tax assessments, and, granting plaintiff's cross motion for summary judgment on the merits, declared, *inter alia,* that Tax Law § 1105 (b) is inapplicable to the rent inclusion charges for non-metered electricity services supplied by plaintiff to its commercial tenants and unconstitutional as interpreted and applied by respondent State Department of Taxation and Finance, unanimously affirmed, without costs. Order, Supreme Court, New York County (Beverly Cohen, J.), entered November 20, 1991, which denied the State defendants' motion for leave to renew the order entered February 20, 1991, unanimously affirmed, without costs.

The instant non-metered electricity service charges are incidental to the commercial tenants' rent charges, and do not constitute "sales" or "resales" of electricity for purposes of Tax Law § 1105 (b). Although prorated per square foot for each lease, such charges are for use and occupancy and are not indicative of the amount of electricity consumed by each tenant *(see, e.g., Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y.,* 58 NY2d 95).

Plaintiff is not obligated to exhaust its administrative remedies since it is not challenging the amount of the tax assessment but the tax statute's constitutionality and applicability *(see, Tully v Griffin, Inc.,* 429 US 68, 75). It is for this reason as well that plaintiff is entitled to a toll of the 90-day Statute

of Limitations within which to administratively challenge the actual tax assessment *(supra).*

Finally, we agree with the IAS court that the imposition of the sales tax on non-metered electricity charges amounts to double taxation since the tenants pay commercial occupancy rent tax as well. The taxes are, in essence, imposed by the same taxing authority. Indeed, New York City, in imposing the commercial occupancy tax, " 'is acting as part of the State under authority given it by the people of the State' " *(Matter of Atlas Tel. Co.,* 273 NY 51, 54).

We have considered all other claims and find them to be meritless. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Kassal, JJ. *[See,* 150 Misc 2d 747.]