[599 NYS2d 238]

AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Appellant, v
NEW YORK STATE DEPARTMENT OF TAXATION AND FI-
NANCE, Respondent.

First Department, June 15, 1993

**APPEARANCES OF COUNSEL**

*Ira G. Greenberg* of counsel *(Regina A. Matejka* with him on the brief; *Edward & Angell,* attorneys), for appellant.

*August L. Fietkau* of counsel *(Frederic L. Lieberman* and *Alex Caspari* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for respondent.

## OPINION OF THE COURT

KASSAL, J.

Although the New York State Department of Taxation and Finance (State) may tax long distance telephone carriers on gross receipts attributable to their doing business within this State, it may not tax long distance carriers in such a way that a carrier doing most of its business within this State has a lower effective tax rate than a carrier doing most of its business outside the State. Since the impact of Tax Law § 186-a (2-a) is to permit a long distance carrier to deduct access fees in direct proportion to the extent which that company does business within the State, the statute discriminates against interstate and foreign commerce and is, therefore, unconstitutional as violative of the Commerce Clause of the United States Constitution (US Const, art I, § 8, cl [3]).

Local telecommunication service is organized and operates by joining together local exchange carriers, such as New York Telephone Company, into local access and transport areas (LATAs). Whereas local exchange carriers provide service within a LATA, long distance carriers, such as American Telephone and Telegraph Company (AT&T), provide telecommunication service between LATAs. To accomplish this inter-LATA service, long distance carriers pay an access fee to the local exchange carrier at each end of a telephone call for the cost to the local exchange carrier of providing and maintaining the facilities used in the inter-LATA service. The long distance carrier charges its customer for the access fee on each call and then forwards that amount directly to the appropriate local exchange carriers.

Section 186-a of the Tax Law imposes a flat tax on the adjusted gross receipts of long distance carriers. Pursuant to

section 184 (4) of the Tax Law, the gross receipts of a long distance carrier are apportioned based upon the proportion of the carrier's property in New York. The percentage allocated to AT&T under this formula, which varies from year to year, is approximately 5%. AT&T challenges neither the apportionment formula nor the percentage assigned to it by its utilization.

Prior to the amendment of subdivision (2-a) of section 186-a of the Tax Law, receipts for New York access were included in the taxable base of the long distance carrier on an allocated basis. Although long distance carriers passed on these receipts to the local exchange carrier, those receipts were not included in the local exchange carrier's tax base. Pursuant to the 1990 amendment, receipts from the sale of New York access service are now included in the tax base of the local exchange carrier. In addition, New York access fees are included in the recipient long distance carrier's gross receipts, but with a deduction for the same amount. Section 186-a (2-a) provides in relevant part: "The deduction permitted * * * with respect to resold * * * telephone * * * service which was purchased in New York (including the provision relating to resold carrier access service) shall be allowed against interstate and international revenues *prior to apportionment to New York"* (emphasis added).

In 1990, AT&T paid taxes to New York State in accordance with the amended provision requiring that AT&T deduct its New York carrier access expense from its total interstate and international receipts prior to apportionment. AT&T subsequently sought a refund of taxes based upon its recalculation of its tax liability applying the deduction for carrier access expense to its apportioned New York revenues. AT&T argued that the requirement that the deduction be taken from total unapportioned interstate and international receipts violated the Commerce Clause of the United States Constitution.

Pursuant to section 1089 (c) of the Tax Law, AT&T filed a petition with the Division of Tax Appeals to challenge the denial of its claim for a refund. While this petition was pending, AT&T commenced the instant action seeking *inter alia* (a) a declaratory judgment that Tax Law § 186-a (2-a) is unconstitutional in that it violates the Commerce Clause of the United States Constitution and the Equal Protection and Due Process Clauses of the United States and New York Constitutions, and (b) a refund of $5,299,552 in taxes it paid

on account of the challenged provision.* Plaintiff argued that Tax Law § 186-a (2-a) discriminates against long distance carriers to the extent that they engage in interstate and foreign commerce because it unfairly reduces the deduction for access fees to carriers having a higher proportion of property outside of New York. Consequently, a company like AT&T, which has a high percentage of its total property located outside of New York, must claim a lower deduction and pay more New York State tax than a competitor with a lower percentage of out-of-State business and property.

AT&T subsequently moved for summary judgment and the State cross-moved for summary judgment dismissing the complaint. The IAS Court granted the State's cross motion and declared the challenged statute to be constitutional. We disagree and reverse to grant AT&T's motion for summary judgment.

"[A] tax may violate the Commerce Clause if it is facially discriminatory, has a discriminatory intent, or has the effect of unduly burdening interstate commerce" *(Amerada Hess Corp. v New Jersey Taxation Div.,* 490 US 66, 75 [1989]). "[A] state tax that favors in-state business over out-of-state business for no other reason than the location of its business" improperly discriminates and is prohibited by the Commerce Clause *(American Trucking Assocs. v Scheiner,* 483 US 266, 286 [1987]).

Since the effect of section 186-a (2-a) is to discriminate against long distance carriers to the extent that they do business outside the State, the IAS Court erred in concluding that the statute does not violate the Commerce Clause. Here, it is undisputed that the effect of the challenged law is to give the benefit of a tax deduction to otherwise identically situated long distance carriers in different amounts based solely on, and in direct proportion to, the percentage of their property within the State. A wholly intrastate long distance carrier is able to deduct the access fees it pays for New York access dollar for dollar against its New York receipts. AT&T, on the other hand, which has approximately 95% of its property outside of New York, may deduct only a tiny percentage of the access fees paid to the same New York local exchange carriers—about a nickel of every dollar—against its New York receipts.

---

* On appeal, defendant has abandoned its argument that AT&T's complaint must be dismissed because it has failed to exhaust its administrative remedies.

In *Westinghouse Elec. Corp. v Tully* (466 US 388), the United States Supreme Court held that where a tax adjustment has the effect of allowing a greater tax credit on income as a corporation moves a greater percent of its activities into New York, and conversely, decreases the tax credit as a corporation increases its activities outside of the State, the method of allowing a tax credit violates the Commerce Clause. Similarly, in this case, the method of allowing a tax deduction for New York access fees violates the Commerce Clause because the amount of the deduction increases or decreases based solely upon the percentage of the long distance carrier's property within or without the State.

The IAS Court reasoned that the method of allowing a deduction does not unfairly discriminate between long distance carriers because the benefit a long distance carrier receives from a tax deduction is directly related to the percentage of the carrier's receipts that are taxable. Thus, a carrier will receive a greater benefit from each dollar of allowable deductions as the percentage of the carrier's taxable receipts increases. The court compared the effect of the law to "the greater dollar benefit of an allowable deduction on a personal income tax return to a high tax bracket taxpayer than to one in a lower bracket." (155 Misc 2d 806, 810.) The court stated, "Since only 5% of AT&T's receipts are allocated to New York, its benefit from the deduction is appropriately less than that of a carrier which has a greater percentage of its property in the State, and thus pays a greater percentage of its receipts to New York as a tax." (155 Misc 2d, *supra,* at 810.)

We agree with AT&T that the court's reasoning is erroneous for the following reasons. First, unlike the situation with regard to graduated Federal personal income taxes, all State gross receipt taxpayers pay the same flat tax rate. Consequently, differences in tax rates cannot justify the statutes's disparate treatment of long distance carriers. Second, the result of apportionment is that all long distance carriers pay the same flat rate against 100% of their respective New York receipts. AT&T is taxed on 5% of its total gross receipts to ensure that it is taxed on all of its receipts attributable to New York. Third, section 186-a permits long distance carriers to deduct only access fees paid to New York local exchange carriers. Thus, the deduction is already apportioned to New York by virtue of the fact that a long distance carrier is only permitted to deduct access fees paid to New York local ex-

change carriers. However, section 186-a (2-a) further reduces the long distance carrier's deduction by the extent to which it does business outside of New York. For instance, AT&T, which does approximately 95% of its business outside the State, can deduct only 5 cents of every dollar it pays for New York access.

By way of example, it is readily apparent that three carriers with the same New York revenues, paying the same New York access fees, are taxed to a greater extent the more they do business outside this State. Assume that AT&T, a second carrier with 50% of its property in New York, and a third entirely intrastate carrier each earned $100 in New York revenues and paid $20 in New York access fees ($1 in access fees for every $5 of New York-related receipts). By virtue of the amendment, AT&T will pay New York $3.47 in taxes ($2,000 [total revenues required for $100 in New York revenues] minus $20 [New York access fees] $\times$ .05 [apportionment rate] $\times$ .035 [tax rate]). The company with 50% of its property in New York will pay New York $3.15 in taxes ($200 [total revenues required for $100 in New York revenues] minus $20 [New York access fees] $\times$ .5 [apportionment rate] $\times$ .035 [tax rate]). Finally, the entirely intrastate carrier will pay New York only $2.80 in taxes ($100 [total revenues required for $100 in New York revenues] minus $20 [New York access fees] $\times$ 1 [apportionment rate] $\times$ .035 [tax rate]).

Furthermore, the court's conclusion that the amendment is nondiscriminatory because the relative tax liabilities of long distance carriers have been reduced by 1% across the board from preamendment levels is based upon an unrealistic illustration which fails to take into account the fact that the New York access fees paid by a long distance carrier are directly related to the amount of business the carrier conducts in New York. In the court's example, each long distance carrier has total gross receipts of $100 and pays $1 in access fees on a $5 call. However, if AT&T pays New York access fees of $1 on $5 of New York revenue, then a wholly intrastate carrier with $100 of New York revenue must necessarily pay at least $20 for New York access fees ($1 for every $5 $\times$ $20 = $100). Accordingly, whereas AT&T pays one-twentieth as much as the intrastate carrier does for access in New York, it is allowed to deduct not one-twentieth the amount of the intrastate company, but one-four hundredth of that amount as a result of the requirement that access fees be deducted prior to apportionment.

The State's argument that the amendment does not violate the Commerce Clause because its purpose and effect is to enhance State revenues and to transfer the burden of paying taxes on access fees from long distance carriers to local carriers must also be rejected. AT&T has demonstrated that *over 100%* of New York access fees are taxed to the extent that such fees are paid by long distance carriers with property outside New York. For example, assume a $5 call is handled by a long distance carrier paying a $1 access fee. In the case of a wholly intrastate long distance carrier, the long distance carrier deducts 100% of the access fee ($1) and the local exchange carrier is taxed 100% of the $1. Thus, the tax base for an intrastate carrier on a $5 call would be $5 and 100% of the access fee is taxed. In the case of a $5 call handled by AT&T, the local exchange carrier is still taxed on the $1, but AT&T can deduct only $.05 of the $1 access fee it pays. Thus, AT&T's tax base on a $5 call is $5.95. Accordingly, 119% of the access fee is taxed: 100% to the local exchange carrier, and an increment of 19% to AT&T.

Inasmuch as we hold that Tax Law § 186-a (2-a) imposes an unlawful burden on interstate commerce and therefore violates the Commerce Clause of the United States Constitution, it is not necessary to, and we do not, address AT&T's equal protection claims. In declaring the statute unconstitutional, we also find that AT&T is entitled to a tax refund.

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered December 9, 1992, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment and declared Tax Law § 186-a (2-a) to be constitutional, unanimously reversed, on the law, to grant plaintiff's motion for summary judgment and declare Tax Law § 186-a (2-a) unconstitutional, without costs.

MURPHY, P. J., ROSENBERGER, ROSS and ASCH, JJ., concur.

Judgment, Supreme Court, New York County, entered December 9, 1992, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment and declared Tax Law § 186-a (2-a) to be constitutional, unanimously reversed, on the law, to grant plaintiff's motion for summary judgment and declare Tax Law § 186-a (2-a) unconstitutional, without costs.