84 N.Y.2d 31 (1994)
637 N.E.2d 257
614 N.Y.S.2d 366
American Telephone and Telegraph Company, Respondent,
v.
New York State Department of Taxation and Finance, Appellant.
Court of Appeals of the State of New York.
Argued May 4, 1994.
Decided June 16, 1994.
G. Oliver Koppell, Attorney-General, New York City (Frederic L. Lieberman, Jerry Boone and Lillian Z. Cohen of counsel), for appellant.
Edwards & Angell, New York City (Ira G. Greenberg and Regina A. Matejka of counsel), James P. Kratochvill and Anna P. Winsett, of the New Jersey Bar, admitted pro hac vice, for respondent.
Chief Judge KAYE and Judges TITONE, SMITH and CIPARICK concur; Judges SIMONS and LEVINE taking no part.
*33 BELLACOSA, J.
Prior to 1990, American Telephone and Telegraph (AT&T) included, as part of its New York taxable income, access fees which represented charges imposed by local telephone carriers at each end of a long-distance intrastate telephone call. AT&T charged its customers for the access fee and then transmitted those receipts directly to the appropriate local exchange carrier (Tax Law § 184 [4]; § 186-a). Long-distance carriers, like AT&T, however, were not given a deduction for these pass-through transactions, and local telephone carriers were not required to report receipt of the access fees as part of their tax base.
In 1990, the Legislature amended Tax Law § 186-a by requiring local telephone carriers to include in their tax base the access service fees, and correspondingly permitted the long-distance carriers to deduct those access fees from their income (Tax Law § 186-a [2], [2-a], as amended by L 1990, ch 190).
AT&T paid taxes to New York State in accordance with the amended provision requiring that AT&T deduct its New York carrier access expense from its total interstate and international receipts prior to apportionment. AT&T subsequently sought a refund of taxes based upon its recalculation of its tax liability applying the deduction for carrier access expenses only to its New York revenues. AT&T's refund claim was denied and it commenced this action seeking, in part, a declaratory judgment that Tax Law § 186-a (2-a) is unconstitutional. Supreme Court denied AT&T's motion for summary *34 judgment, but the Appellate Division reversed and granted the motion. On this appeal, taken as of right on constitutional grounds, AT&T contends that the method of calculating the tax deduction under the 1990 amendment offends the Commerce Clause of the United States Constitution (art I, § 8). We agree with the Appellate Division that the State's method of calculating the deduction violates the United States Constitution Commerce Clause (191 AD2d 61).
Tax Law § 186-a imposes a flat tax on the adjusted gross receipts of all long-distance carriers. Under Tax Law § 184 (4), long-distance carriers that are unable to directly account for their New York revenues are required to apportion to New York a percentage of their entire gross domestic and international income based upon the proportion of the carrier's property in New York. AT&T is challenging Tax Law § 186-a (2-a), which states that the access fee deduction relating directly to services performed in New York "shall be allowed against interstate and international revenues prior to apportionment to New York" (Tax Law § 186-a [2-a] [emphasis added]). AT&T argues that the preapportionment deduction under Tax Law § 186-a (2-a) discriminates against long-distance carriers engaged in interstate and foreign commerce because a wholly intrastate long-distance carrier may claim an absolute dollar-for-dollar deduction. By contrast, a long-distance carrier like AT&T which engages in interstate commerce may only benefit in proportion to the percentage of their property within the State.
The Commerce Clause, phrased as a grant of regulatory power to Congress, has also been interpreted as effecting a "`negative' aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce" (Oregon Waste Sys. v Department of Envtl. Quality, 511 US ___, ___, 114 S Ct 1345, 1349, 128 L Ed 2d 13, 20 [Apr. 4, 1994]). This precept is premised on the "`principle that our economic unit is the Nation, which alone has the gamut of powers necessary to control of the economy'" (C & A Carbone v Town of Clarkstown, 511 US ___, ___, 114 S Ct 1677, 1688, 128 L Ed 2d 399, 414 [May 16, 1994] [O'Connor, J., concurring], citing Hood & Sons v Du Mond, 336 US 525, 537-538). The term "`discrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter" (Oregon Waste Sys. v Department of Envtl. Quality, 511 US, at ___, 114 S Ct, at 1350, 128 L Ed 2d, at 21, supra). A tax law is *35 unconstitutionally discriminatory if the differential tax treatment of two entities results solely from the situs of their activities and provides a commercial advantage to local business (see, American Trucking Assns. v Scheiner, 483 US 266, 286; Westinghouse Elec. Corp. v Tully, 466 US 388; Northwestern Cement Co. v Minnesota, 358 US 450, 458). Judicial scrutiny focuses on the practical operation of a challenged statute, since the validity of the State laws must be judged chiefly in terms of its actual effect (see, C & A Carbone v Town of Clarkstown, supra; Maryland v Louisiana, 451 US 725, 756; Lewis v BT Inv. Mgrs., 447 US 27, 37; Hughes v Oklahoma, 441 US 322, 336).
In computing the allowable access fee deduction, the statute requires apportionment of access fees only by long-distance carriers which engage in interstate commerce. By requiring the interstate long-distance carrier to calculate the deduction before apportionment, the statute has the practical and real effect of treating differently long-distance carriers similarly situated in all respects except for the percentage of their property located within New York State. While a wholly intrastate long-distance carrier may deduct all of its New York access fees, AT&T is limited to 5.04%, its 1990 apportionment percentage, even though both companies are reporting 100% of their New York taxable income. The access fees are fixed and easily traceable to New York. Consequently, the access fees are already apportioned to the State. Requiring the deduction to be taken before apportionment plainly creates a direct commercial advantage to intrastate long-distance carriers. The State's computation method diminishes the tax deduction intended as an equal benefit and designed to remedy a pre-1990 gap in actual tax transaction interrelationships.
Moreover, no showing has been made by the State that the discriminating methodology "advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives" (New Energy Co. of Ind. v Limbach, 486 US 269, 278). Where formulary apportionment is required to measure the amount of income to be reported by interstate carriers in New York, which otherwise cannot be traced nor recorded, the New York access fees are quantifiable and easily measured. Thus, the discriminatory calculation method, with its apportionment of the deduction, is not practically necessary as well as being constitutionally offensive.
*36 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Order affirmed, with costs.