■ Empire State Building Company, Appellant, v New York State Department of Taxation and Finance et al., Respondents. [631 NYS2d 306] —Judgment (denominated order), Supreme Court, New York County (Beverly Cohen, J.), entered January 14, 1994 which, insofar as appealed from, declared that plaintiff's rent receipts for distribution of unmetered electricity to its tenants are subject to the utility tax imposed by Tax Law § 186-a, unanimously affirmed, without costs. Appeal from order, same court and Justice, also entered January 14, 1994, which granted plaintiff's motion to reargue a decision and order dated November 25, 1992, which granted plaintiff's motion to reargue an order entered June 9, 1992, unanimously dismissed as subsumed in the appeal from the judgment, without costs.

Plaintiff, landlord of the Empire State Building, instituted this action for a judgment pursuant to CPLR 3001 declaring (1) that rent receipts attributable to charges for electricity are not subject to the utility tax imposed by Tax Law § 186-a, and (2) that it is not subject to penalties for substantial understatement of taxes. Electricity supplied to the building by Con Edison is provided to tenants either directly, in which case the tenant pays the utility for its usage, or on a submetered or unmetered basis, in which case the tenant pays the landlord. Where the tenant's use of electricity is not measured by a submeter, the cost is based upon the usable floor space occupied by the tenant. Under plaintiff's electricity agreement, this charge,

known as the Electricity Rent Inclusion Factor or "ERIF", is $2.75 a square foot and is subject to periodic adjustment. It is separately itemized on monthly rent bills and reflected in plaintiff's Statements of Income and Expense as "Electricity income (on rent inclusion)", not as rental income.

Based upon an audit of plaintiff's records, defendants sent plaintiff a notice dated October 16, 1990 that it is liable for unpaid State utility taxes, penalties and interest totalling $919,993 for failure to report gross operating income from unmetered electricity. Defendants enclosed a statement of proposed adjustment to tax liability for the years 1987, 1988 and 1989. Plaintiff thereafter commenced this action seeking a declaration that the State utility tax (Tax Law § 186-a) does not apply to unmetered electricity furnished to its commercial tenants. Despite outstanding discovery requests, plaintiff brought a motion for summary judgment. Defendants cross-moved for summary judgment dismissing the complaint or, in the alternative, for an order compelling plaintiff to comply with their outstanding discovery requests.

By decision and order entered June 9, 1992, Supreme Court denied the respective motions for summary judgment on the ground that information necessary to the resolution of the dispute—specifically, the methods relied on by plaintiff for furnishing the electricity to its tenants and calculating its cost—was exclusively within plaintiff's knowledge. Accordingly, defendants' cross motion was granted to the extent of directing plaintiff to respond to defendants' first set of interrogatories. Plaintiff never complied with or appealed from this order, instead moving for reargument based on this Court's decision in *Empire State Bldg. Co. v New York State Dept. of Taxation & Fin.* (185 AD2d 201, *affd* 81 NY2d 1002). Defendants cross-moved for summary judgment based on this Court's decision in *Sage Realty Corp. v O'Cleireacain* (185 AD2d 188, *lv dismissed* 80 NY2d 1024) or, in the alternative, for an order compelling plaintiff to comply with outstanding discovery requests.

In a decision and order dated November 25, 1992, Supreme Court granted summary judgment to defendants. It reasoned that our ruling in *Empire State Bldg. Co.*—that Tax Law § 1105 (b), a sales tax provision, is inapplicable to electricity supplied to unmetered tenants—does not preclude a holding that Tax Law § 186-a, a utility tax provision, applies to unmetered electrical service. The court noted that plaintiff, which still had not complied with its prior discovery order, does not deny that payments received from its tenants for electricity charges

are separate and distinct from the payment of rent, and concluded that such receipts are subject to the utility tax.

Upon reargument, Supreme Court rejected plaintiff's contention that the tax cannot be assessed against it because its net profit from the Electricity Rent Inclusion Factor cannot be calculated. The court noted that plaintiff has not refuted defendants' tax assessment and that any dispute with respect to the mathematical calculations is subject to administrative appeal and review pursuant to CPLR article 78. In the judgment appealed from, the court declared that receipts for unmetered electrical use are subject to the utility tax and that the provision is constitutional.

We agree. As applicable to the time period in question, the statute imposed a 3% utility tax on the gross operating income of any person selling electricity "regardless of whether such activities are the main business of such person or are only incidental thereto, or of whether use is made of the public streets" (Tax Law § 186-a [2] [a]). "Gross operating income" includes receipts "by reason of the furnishing for such consumption or use of * * * electric * * * service" (§ 186-a [2] [d]). In its complaint, plaintiff acknowledges that it "supplied" or "provided" electricity to unmetered tenants, and this activity is clearly embraced within the plain meaning of the statute (*Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661). Monthly invoices include an identifiable charge under item code "03" for "electric included", separately itemized from the "rent", which is identified by item code "01". Thus, plaintiff is subject to the utility tax "on the profits received from the redistribution of electricity" (*Sage Realty Corp. v O'Cleireacain, supra*, at 189).

We further agree with Supreme Court that the question of how the tax assessment against plaintiff is to be calculated, including the application of any deductions, is a matter wholly within the purview of defendant Department of Taxation. Judicial review pursuant to CPLR article 78 is properly reserved for a final administrative determination and exhaustion of administrative remedies (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57). In any event, plaintiff's failure to comply with discovery requests affords an incomplete record for review at this time. With respect to plaintiff's contention that imposition of the tax violates the Equal Protection Clause, we note that a due process and equal protection challenge to the statute has already been rejected (*Matter of MacDonald v Browne*, 268 App Div 939, 940 [citing *Matter of 436 W. 34th St. Corp. v McGoldrick*, 288 NY 346; *Matter of Lacidem Realty*

*Corp. v Graves*, 288 NY 354], *affd* 294 NY 263). Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.