■ In the Matter of GENERAL MILLS RESTAURANT GROUP, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.— Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

Petitioner is a Florida corporation qualified to do business in New York and is a wholly owned subsidiary of General Mills, Inc., a national distributor of processed foods and other consumer products. Petitioner conducts a vertically integrated operation that purchases, processes and distributes seafood products, and runs a national chain of seafood restaurants known as "Red Lobster". During the fiscal years ending in May 1977, 1978 and 1979, petitioner filed corporate franchise tax reports for its New York restaurants claiming, *inter alia,* investment tax credits for building improvements and equipment purchases (Tax Law § 210 [12]). Following an audit by the Audit Division of the Department of Taxation and Finance, the investment tax credits were disallowed and notices of deficiency for each year were issued. Petitioner filed for redetermination of the claimed deficiency and added a request for the employment incentive tax credit (Tax Law § 210 [12-A]). During the ensuing hearing, petitioner narrowed its investment credit claim to equipment and building improvements used predominantly for food preparation, not food service. The State Tax Commission denied the petition, finding that the preparation of foods at petitioner's Red Lobster restaurants did not constitute the production of goods by processing within the meaning of Tax Law § 210 (12) (b). This CPLR article 78 proceeding ensued and was transferred to this court.

We confirm. Tax Law § 210 (12) (b) provides a tax credit against the corporate franchise tax imposed under Tax Law article 9-A for investments in tangible property which meets various criteria (not here in issue) and is principally used by the taxpayer in the *production of goods by, inter alia,* manufacturing or *processing.* The issue presented is whether Red Lobster's food operation constitutes the production of goods by processing as delineated in the statute. Petitioner maintains that the Tax Commission's interpretation of "processing", as including only activity related to industrial production and not the preparation of food for sale in a restaurant, is unduly restrictive. We disagree. Generally, deference should be given to the interpretation accorded a statute by the agency charged with its enforcement unless irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438). The burden of proving the impropriety of a deficiency assessment rests with the taxpayer (Tax Law § 1089 [e]). To meet this burden, it is incumbent upon petitioner to demonstrate that its interpretation of the statute is the only reasonable construction *(Matter*

*of Blue Spruce Farms v New York State Tax Commn.*, 99 AD2d 867, *affd* 64 NY2d 682).

The Tax Commission has taken the position that since the Legislature enacted the investment tax credit in an effort to stimulate the revitalization of production facilities within the State, the term "processing" speaks to an industrial activity related to manufacturing *(see,* memorandum of Tax Structure Study Committee, 1969 NY Legis Ann, at 447-449; Governor's Memorandum, 1969 NY Legis Ann, at 2576-2577). Under this construction, food processing is not categorically excluded, for businesses which process foods for distribution through wholesalers and supermarkets may qualify for the credit. In essence, the Tax Commission has drawn a distinction between the supplier of products and local retailers to promote the statutory objective of attracting and retaining businesses not dependent on locale for their existence. Since restaurants of necessity are dependent on locality to service their clientele, the preparation of food by a restaurant is not considered processing in an industrial sense. The distinction is not unreasonable. In our view, the Tax Commission's interpretation of the statute is entirely plausible, consonant with the statutory purpose and must be upheld *(see, Matter of Reader's Digest Assn. v State Tax Commn.*, 103 AD2d 926, 927).

Petitioner contends, nonetheless, that its Red Lobster operation is merely the last stage in an integrated network of purchasing, processing and distribution of seafood and thus constitutes the industrial processing of food. As delineated in the Tax Commission's findings of fact, petitioner acts as its own seafood supplier and processor; after the initial purchasing and processing stage, the seafood product is directly supplied to Red Lobster restaurants in an unfinished, institutional form at a significantly reduced price; once delivered, each Red Lobster restaurant employs a standardized procedure for storing and preparing each item. This process yields a standardized product, the equivalent of a "heat and serve" product sold in supermarkets. It is undisputed that petitioner's competitors, who produce a similar product for distribution through normal channels to wholesalers and supermarkets, would be entitled to the investment tax credit *(see,* Memorandum TSB-M-78 [1] [c]). Petitioner argues that it should not be penalized for bypassing this normal distribution route by selling the finished product at its own retail restaurants, and urges that a distinction be drawn between its food production and retail operation.

Although the argument has some appeal, our function is to

determine whether the record provides substantial evidence for the Tax Commission's determination *(see, Matter of Levin v Gallman,* 42 NY2d 32, 34). The record shows that the equipment utilized by Red Lobster restaurants is not unlike that found in a typical seafood restaurant; the same holds true as to the building fixtures and improvements. This being the case, it was not unreasonable for the Tax Commission to determine that the processing employed by Red Lobster was simply the preparation of meals for service to its customers. Having failed to qualify for the investment tax credit, petitioner was not entitled to an employment incentive tax credit *(see,* Tax Law § 210 [12-A]). Accordingly, the decision is supported by substantial evidence and should be confirmed *(see, Matter of Reader's Digest Assn. v State Tax Commn., supra,* p 927).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.