■ In the Matter of SERVAIR, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a corporation franchise tax assessment imposed under Tax Law article 9-A.

Petitioner, a Delaware corporation doing business in New York, is a wholly owned subsidiary of Dynalectron Corporation, engaged in providing ground support services at airports for various airlines. Following a field audit and hearing, respondent disallowed deductions taken on petitioner's corporation franchise tax returns for the years 1977, 1978 and 1979 for items labeled as "fiscal expense", which represented petitioner's apportioned share of interest expense incurred by Dynalectron on amounts borrowed from banks and an insurance company. As a result, deficiencies were assessed for each of the years designated. Respondent exercised its discretion under Tax Law § 211 (5) to disallow the deduction because petitioner failed to offer proof that the interest charged was based on any indebtedness owed to the parent corporation. Further, respondent held that petitioner failed to show that the allocation and deduction of fiscal expenses more accurately reflected petitioner's income in New York or the value of services actually rendered to it by Dynalectron. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner essentially maintains that respondent's decision to disallow the deduction for fiscal expenses pursuant to Tax Law § 211 (5) was arbitrary and unlawful since the borrowed funds were utilized for the benefit of the subsidiaries and thus impacted on its true income in New York. We disagree. To

determine the corporation franchise tax, "entire net income" must be ascertained (see, Tax Law § 209 [1]). Pursuant to Tax Law § 211 (5), respondent is authorized to adjust deductions when the taxpayer's income has been "improperly or inaccurately reflected" due to some agreement between a taxpayer and a corporation. Generally, as a matter of judicial review, deference is accorded to the interpretation of a statute by the agency charged with its enforcement, unless the construction is irrational (see, Matter of Colt Indus. v New York City Dept. of Fin., 66 NY2d 466, 471-472; Matter of General Mills Rest. Group v Chu, 125 AD2d 762; Matter of Mobil Intl. Fin. Corp. v New York State Tax Commn., 117 AD2d 103, 106-107). The burden is on the taxpayer to establish the impropriety of the deficiency assessment (see, Matter of Reader's Digest Assn. v State Tax Commn., 103 AD2d 926, 927; Matter of Blue Spruce Farms v New York State Tax Commn., 99 AD2d 867, affd 64 NY2d 682).

Whether petitioner's methodology complied with generally accepted accounting principles is not the issue here. The underlying issue is whether the fiscal expenses allocated by Dynalectron may be deducted by petitioner from its net income. Petitioner has conceded that the "fiscal expense" deduction represents interest on money borrowed by Dynalectron and the interest on that debt is not at issue here. Nor is there any indication in the record that the funds borrowed by Dynalectron were actually used to provide any type of management services for which petitioner was not already separately charged. It follows that since petitioner was not actually indebted to Dynalectron, respondent could rationally conclude that the deduction for fiscal expenses inaccurately reflected its "entire net income". The fact that respondent permitted the deduction of other general administrative expenses does not compel a different result.

Petitioner's reliance upon Matter of Colt Indus. v New York City Dept. of Fin. (66 NY2d 466, supra) is unavailing. In Colt, the parent corporation actually borrowed money to be advanced to subsidiaries for working capital and included the interest expense as part of the management fee charged. The subsidiaries did not identify the interest payment as a separate expense on their tax returns, nor did the parent corporation identify the money as interest income. The Court of Appeals upheld respondent's determination that the interest

income was not excludable,* but did not determine that the subsidiaries could properly have deducted the interest paid if such interest had been segregated from other expenses.

In conclusion, respondent's determination that petitioner's net income is more properly reflected by not allowing deduction of fiscal expenses is neither arbitrary nor irrational, and thus the adjustment to petitioner's net income pursuant to Tax Law § 211 (5) was entirely proper *(see, Matter of Mobil Intl. Fin. Corp. v New York State Tax Commn.*, 117 AD2d 103, 107, *supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* Pursuant to Administrative Code of the City of New York § R46-2.0 (a) (1), taxpayers are entitled to exclude from entire net income in computing the New York City general corporation tax, interest income from subsidiary capital.

The Department of Taxation and Finance determined that the lump-sum management fee paid to Colt Industries was not " 'income from subsidiary capital' " *(Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471-472).