■ In the Matter of LEISURE VUE, INC., Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, inter alia, sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

Petitioner, which provides paid television service to its subscribers, reduces original electromagnetic wave signals emitted by transmission companies to widths compatible with its customers' televisions. The investment tax credits which petitioner claimed against its corporate franchise taxes for the years 1980 through 1982 for the equipment it utilizes to "down-convert" the electromagnetic wave signal were disallowed. Petitioner thereupon filed for a redetermination of the deficiencies with which it was charged. A hearing was then held, after which an Administrative Law Judge sustained the notices of deficiency in full. On administrative appeal, respondent Tax Appeals Tribunal (hereinafter respondent) held that Tax Law § 210 (12) (b) did not apply to intangible property and therefore affirmed the disallowance. The sole issue before us is whether respondent's interpretation of the statute is reasonable. It is incumbent upon petitioner to demonstrate that the

deficiency assessment was improper (Tax Law § 1089 [e]; *Matter of General Mills Rest. Group v Chu,* 125 AD2d 762, 763).

Tax Law § 210 (12) (b) provides, in pertinent part, that:

"(i) A credit shall be allowed under this subdivision with respect to tangible personal property and other tangible property * * * which are * * * principally used by the taxpayer in the production of *goods* by manufacturing [or] processing * * *.

"(ii) For purposes of this paragraph * * * [m]anufacturing shall mean the process of working raw *materials* into wares suitable for use or which gives new shapes, new quality or new combinations to *matter* which already has gone through some artificial process by the use of machinery, tools, appliances and other similar equipment" (emphasis supplied).

The parties differ in their interpretation of the terms "goods", "materials"* and "matter". Respondent maintains that these terms refer to tangible items only, while petitioner claims that intangible items are included as well. These terms are not defined in the statute *(see,* Tax Law § 208), interpretive case law or the implementing regulations *(see,* 20 NYCRR 5-2.2, 5-2.4), and the proclaimed legislative intent of the statute, to stimulate revitalization of production facilities within the State *(Matter of General Mills Rest. Group v Chu, supra,* at 764), provides little interpretive guidance.

In these circumstances, the ordinary, everyday meaning of these terms is to be applied *(Matter of Vernon Woods Dev. Corp. v Pucillo,* 134 AD2d 597, 598; McKinney's Cons Laws of NY, Book 1, Statutes § 232; *see, Matter of Automatique, Inc. v Bouchard,* 97 AD2d 183, 186). According to one frequently recognized authority, "goods" means "tangible movable personal property having intrinsic value" (Webster's Third New International Dictionary 978 [unabridged 1981]). And "matter" refers to "the substance of which a physical object is composed" (Webster's Ninth New Collegiate Dictionary 734 [1988]), or a "substance that is considered to constitute the observable universe" (Webster's Third New International Dictionary 1394 [unabridged 1981]). "Material", in turn, means "relating to, derived from, or consisting of matter; *esp:* PHYSICAL" (Webster's Ninth New Collegiate Dictionary 733 [1988]). The aforementioned definitions of the relevant terms make it apparent that respondent's conclusion that the statutory credit does not apply to petitioner's equipment, which simply

---

* Although not addressed by the parties, the term materials is equally relevant to this dispute.

narrows the width of *intangible* electromagnetic signals, is rational.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.