■ In the Matter of ALMINA BAKER et al., Constituting the Hamilton County Democratic Committee, et al., Respondents, v PETER N. KALIL et al., Constituting the Hamilton County Board of Supervisors, et al., Appellants.—Crew III, J. Appeal, by permission, from a judgment of the Supreme Court (White, J.), entered July 1, 1991 in Hamilton County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, annul respondent Cathleen E. Rogers' appointment to the office of Hamilton County Democratic Election Commissioner.

Petitioner Charles Wight resigned from his position on the Hamilton County Board of Elections as Democratic Election Commissioner on April 22, 1991. Two days later the County Democratic Committee (hereinafter Committee) was notified of the resignation. From April 24, 1991 to May 2, 1991, the Committee was unable to meet in order to vote on a recom-

mendation for the vacancy and was, therefore, unable to make any party recommendation to the County Board of Supervisors (hereinafter Board). At its regularly scheduled meeting on May 2, 1991, the Board noted that the Committee had failed to make a party recommendation to fill the vacancy, whereupon the Democratic members of the Board met and recommended the appointment of respondent Cathleen E. Rogers to fill the vacancy. The Board then voted unanimously to appoint Rogers as the Democratic Election Commissioner. Less than two weeks later, on May 15, 1991, the Committee filed a certificate recommending the appointment of petitioner John Burgess to the same position. On June 10, 1991, after its efforts to remove Rogers failed, the members of the Committee and Burgess commenced this CPLR article 78 proceeding against the members of the Board and Rogers challenging, *inter alia,* Rogers' appointment. Supreme Court partially granted the petition, annulled Rogers' appointment and directed the Board to consider Burgess for the position of Democratic Election Commissioner. This appeal by respondents ensued.

Petitioners contend that the Committee was entitled to 30 days in which to file a party recommendation to fill the vacancy created by Wight's resignation. We agree. Election Law § 3-204 (5) provides, in pertinent part, that "[i]f at any time a vacancy occurs in the office of any election commissioner other than by expiration of term of office, such vacancy shall be filled as herein provided for the regular appointment of a commissioner". The regular appointment of a commissioner is governed by Election Law § 3-204 (1) through (4). This statute provides that at least 30 days before the first day of January in any year in which a commissioner of elections is to be appointed, the chair or secretary of the appropriate party committee in a county shall file a party recommendation with the clerk of the local legislative body (Election Law § 3-204 [1]). The statute further provides that if a party fails to file such a recommendation within the time prescribed, the members of the legislative body who are members of such party may make the appointment (Election Law § 3-204 [4]).

Generally, in construing a statute, the court must ascertain and give effect to the intention of the Legislature and, where the language of the statute is clear and unambiguous, there is no reason to resort to interpretation (McKinney's Cons Laws of NY, Book 1, Statutes § 92). Respondents contend that the language of Election Law § 3-204 (5) is clear, that no time frame has been established within which a party committee

may make a recommendation in the event of a vacancy other than by expiration of a term of office, and that we must therefore assume that the Legislature intended to omit such a time frame *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 74). We disagree.

It is axiomatic that where a statute, as here, is ambiguous it is incumbent upon the courts to ascertain the intention of the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92). In so doing, we must construe the words of the statute with reference to the object sought to be obtained *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 96). It is clear from a reading of the statute that where a vacancy occurs other than by expiration of a term of office, the Legislature intended that the party committee in a county have the opportunity to recommend the appointment of its election commissioner in accordance with the provisions providing for the regular appointment of an election commissioner. A reading of the provisions providing for the regular appointment of an election commissioner clearly envision that the party committee have a specified time within which to file a recommendation before the legislative members of that party are afforded the right to make the appointment. Election Law § 3-204 (4) provides, in part, that "[i]f a party fails to file a [recommendation] *within the time prescribed by this section,* the members of the legislative body who are members of such party may appoint any eligible person to such office" (emphasis supplied). The time prescribed in Election Law § 3-204 (1) is 30 days. We conclude, therefore, that the Legislature intended that a party committee have 30 days within which to file a recommendation for appointment of an election commissioner from the time of the creation of a vacancy by reason of resignation. It is only if the party committee fails to make a recommendation within 30 days of the resignation that the legislative members of said party may make the appointment *(see,* Election Law § 3-204 [4]).

Mikoll, J. P., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.