■ In the Matter of LANDAUER ASSOCIATES, INC., Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained certain franchise tax assessments imposed under Tax Law articles 9-A and 27.

The questions presented for review in this proceeding are whether petitioner's management fee payments to Landauer International, Inc. (hereinafter International) were properly included as "other compensation" under Tax Law § 210 (former [1] [a] [3])* and whether, assuming the management fees were correctly included, the deficiencies assessed were excessive. In our view the management fee payments were properly included as "other compensation" and the deficiencies assessed were appropriate. The determination of respondent Tax Appeals Tribunal should therefore be confirmed.

Petitioner, a real estate and consulting firm with offices in New York City, Atlanta and Chicago, was a wholly owned subsidiary of International. Both corporate entities shared common office space, as well as a number of executive officers who performed duties for the two corporations. International was the holding company for its subsidiaries and paid all administrative expenses for them. During the years 1981 and 1982 petitioner paid International a percentage of its revenues as a fee for various services and expenses made on petitioner's

---

* This provision was repealed by Laws of 1987 (ch 817, § 23).

behalf. Petitioner's 1981 management fee payment was $2,218,501, which represented 88% of International's total income. Petitioner's 1982 payment was $3,236,179, which represented 87% of International's total income.

In calculating its franchise taxes owed for the years in question, petitioner deducted these payments to International from its statement of taxable income. In 1987, the Department of Taxation and Finance issued notices of deficiency in the amounts of $29,306 plus interest for 1981 and $43,613 plus interest for 1982. The Department determined that a substantial portion of the management fee paid to International should be added back into petitioner's tax base, finding that it represented "salaries and other compensation paid to [petitioner's] elected or appointed officers and to every stockholder owning in excess of five per centum of its issued capital stock" as provided in Tax Law § 210 (former [1] [a] [3]).

Upon petitioner's challenge to these deficiency findings, a hearing was held before the Division of Tax Appeals, after which an Administrative Law Judge (hereinafter ALJ) upheld the deficiencies. Petitioner objected to the Division's determination and filed exceptions which brought the matter before the Tribunal for review. The Tribunal sustained the notices of deficiency and petitioner then commenced this CPLR article 78 proceeding seeking review thereof.

Petitioner's argument that the decision of the Tribunal contravenes the plain language of the statute and produces the "untoward result" of double taxation, requiring its annulment, is rejected. Petitioner has failed to demonstrate by clear and convincing evidence (see, Matter of Surface Line Operators Fraternal Org. v Tully, 85 AD2d 858, 859) that the Tribunal's determination, that petitioner's payments of a large portion of its total revenue to International was "other compensation" paid to a corporate shareholder and, thus, includible for franchise tax purposes under Tax Law § 210 (former [1] [a] [3]), was unreasonable or irrational. Petitioner has failed to submit any evidence of a legislative intent to limit application of the term "other compensation" to individual shareholders and to exclude corporate shareholders. Rather, the applicable regulation (20 NYCRR 3-3.2 [f]) provided that a "stockholder owning in excess of five per centum of its issued capital stock" pursuant to Tax Law § 210 (former [1] [a] [3]) "means a person or corporation". Petitioner's assertion that the ALJ and the Tribunal found the statute ambiguous has no foundation in the record and is given no weight.

Deference is to be accorded an agency's interpretation of

statutes it is authorized to enforce and the burden of establishing impropriety of a deficiency assessment is on the taxpayer *(Matter of Servair, Inc. v New York State Tax Commn.,* 132 AD2d 737, 738). Where such determinations are not unreasonable or irrational, as here, the reviewing court must sustain them *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Morton & Co. v New York State Tax Commn.,* 91 AD2d 1080, 1082, *affd* 59 NY2d 690).

Petitioner's argument that even if a portion of the management fee should be added back into its income tax base pursuant to the statute and regulations, the calculations of the Division were incorrect resulting in deficiencies that are too large, is not persuasive. The record indicates that the ALJ and the Tribunal agreed that payroll and other related expenses should be added back to determine net income. The Department's 1986 advisory opinion provided to petitioner and the Division's answer indicated that the excluded reimbursement expenses did not include salary-related benefits paid by International to its employees or officers. These determinations are to be afforded great weight *(see, Matter of Telmar Communications Corp. v Procaccino,* 48 AD2d 189, 192).

Yesawich Jr., Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.