In the Matter of AMERICAN COMMUNICATIONS TECHNOLOGY, INC., et al., Petitioners, v STATE OF NEW YORK TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, January 7, 1993

APPEARANCES OF COUNSEL

*Scher & Eliasberg, P. C.,* Great Neck *(Robert A. Scher* and *Daniel J. Scher* of counsel), for petitioners.

*Robert Abrams, Attorney-General,* Albany *(Nancy A. Spiegel* and *Peter G. Crary* of counsel), for Commissioner of Taxation and Finance, respondent.

### OPINION OF THE COURT

MAHONEY, J.

The central issue presented for determination in this proceeding involves the interpretation of Tax Law § 1115 (a)

(12). More particularly, we must decide whether respondent Tax Appeals Tribunal (hereinafter respondent) erred in concluding that petitioner American Communications Technology, Inc. (hereinafter ACT), which is engaged primarily in the business of selling telephone station apparatus to members of the general public, is not entitled to the Tax Law § 1115 (a) (12) production exemption, which exempts from sales tax "[m]achinery or equipment for use or consumption directly and predominantly in the production of tangible personal property * * * or telephone central office equipment or station apparatus or comparable telegraph equipment for use directly and predominantly in receiving at destination or initiating and switching telephone or telegraph communication". In reaching its conclusion, respondent relied upon *Eastman Kodak Co. v Department of Taxation & Fin.* (Sup Ct, Monroe County, Nov. 22, 1989, Siracuse, J.), which held that Tax Law § 1115 (a) (12) was intended to exempt sales of telephone equipment only when purchased by *vendors* of telephone services (i.e., telephone companies and other entities who are in the business of selling telephone services to others and use the purchased equipment in furtherance of that pursuit), an interpretation that is consistent with that promulgated by respondent Tax Commissioner *(see,* 20 NYCRR 528.13 [a] [1] [ii]).[1] Because it was conceded that none of the sales for which tax deficiencies were assessed here were made to vendors of telephone services, respondent upheld two notices of determination for two different audit periods totaling approximately $158,000 against ACT and petitioners Steven Meyers, David Meyers and Stuart Meyers, who are individual officers of ACT. Petitioners then commenced this proceeding to review respondent's determination.[2]

■ Undoubtedly, the primary consideration in the interpre-

---

1. That regulation interprets Tax Law § 1115 (a) (12) as exempting "[t]elephone central office equipment or station apparatus * * * for use directly and predominantly in receiving at destination or in initiating and switching telephone or telegraph communication *when such equipment or apparatus is purchased or leased by the vendor of such service for sale"* (emphasis supplied).

2. [1] At this juncture we note the presence of several procedural issues that bear comment. First, inasmuch as ACT has not complied with the requirements of Tax Law § 1138 (a) (4), which mandates that the taxpayer pay the tax or post a bond as a condition to obtaining judicial review, the petition must be dismissed in its entirety with respect to that entity. Furthermore, because ACT is the only petitioner with standing to challenge the first assessment (the first notice of determination was issued only to ACT, not also to the individual officers), the propriety of the notice of

tation of all statutes is to discern and apply the will of the Legislature *(see, Matter of Sutka v Conners,* 73 NY2d 395, 403; *cf., Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,* 72 NY2d 166, 173). If legislative intent is plain, clear and distinct from a literal reading of the statute, it will be enforced according to its terms. If, however, examination of the language leaves the statute's purpose and intent uncertain, resort must be had to other available aids *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 76). Here, contrary to petitioners' assertions, Tax Law § 1115 (a) (12) is not plainly unambiguous. While a reading of the telephone equipment clause in isolation from the remainder of Tax Law § 1115 (a) (12) suggests that sales of *all* telephone central office equipment or station apparatus for use in receiving at destination or in initiating or switching communication are exempt from tax regardless to whom they are sold, "no one clause isolated from its statutory setting [is] determinative of a lack of ambiguity" *(Matter of Sutka v Conners, supra,* at 404). This is especially so here. The remainder of section 1115 (a) (12) operates to exclude from tax only the sale of component elements or equipment to persons or entities *which use them to create a consumable product.* When the telephone equipment clause is read in conjunction with the balance of section 1115 (a) (12), questions arise regarding whether this limitation was likewise intended to apply to the telephone equipment clause.

Based upon a review of the statutory language in its entirety and an examination of the legislative history, we conclude that it was. A review of the legislative history makes clear that in creating the Tax Law § 1115 (a) (12) production exemption, the Legislature intended to deal with the phenomenon of pyramiding sales taxes created when businesses are taxed upon the purchase of component materials and equipment which, in turn, are used to create products which are then taxed when sold at the consumer level and to counteract that phenomenon in an effort to increase the competitiveness

determination for the first audit period is not properly before the Court. However, as the second assessment was issued to the individual officers as well as to ACT and the officers are in compliance with the requirements of Tax Law § 1138 (a) (4), we may review the propriety of the notice of determination for this second period. Additionally, it has been called to our attention that petitioner Steven Meyers has died during the pendency of this proceeding. A representative of his estate has not yet been appointed and there has been no substitution. Accordingly, we consider this matter only as to petitioners David Meyers and Stuart Meyers.

of New York industries and manufacturers *(see,* Bill Jacket, L 1965, ch 93; *see also, Matter of Burger King v State Tax Commn.,* 70 AD2d 447, 452-453, *mod on other grounds* 51 NY2d 614). As noted by Supreme Court in *Eastman Kodak Co. v Department of Taxation & Fin. (supra,* at slip opn p 6), by eliminating the tax on production equipment for tangible personal property and utilities "the [S]tate satisfied itself with the collection of the sales tax on the distribution of the 'finished product,' whether that be an item of tangible personal property or a utility or service such as gas, electricity, refrigeration, steam or telephone and telegraph services".

When viewed against this backdrop, it is clear that the telephone equipment clause was not aimed at the ordinary retail sales of telephone equipment to the general public but only meant to apply to sales to persons or entities which use the telephone equipment to produce goods or services for sale to others. To hold otherwise would completely frustrate the obvious purpose of the provision and have the altogether unintended effect of permitting telephone equipment sold to private individuals and companies to escape taxation completely inasmuch as such purchasers never produce a taxable commodity with it. Finally, because at the time Tax Law § 1115 (a) (12) was enacted in 1965 ownership of telephone central office equipment and station apparatus was essentially limited to telephone utilities which used the equipment to sell telephone services to others, little importance can be placed upon the Legislature's failure to include express language in the telephone equipment clause limiting the scope of the exemption to equipment sold to a purchaser who, in turn, used it "for sale" of telephone services to others.

MIKOLL, J. P., YESAWICH JR., LEVINE and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.