In the Matter of MEDICAL SOCIETY OF THE STATE OF NEW YORK et al., Respondents, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Appellants.

Third Department, April 15, 1993

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Frank K. Walsh* and *Peter H. Schiff* of counsel), for appellants.

*Gleason, Dunn, Walsh & O'Shea,* Albany *(Thomas F. Gleason* of counsel; *Donald R. Moy, Richard D. Raskin* and *Jack R. Bierig, Sidley & Austin,* Chicago, Illinois, of counsel), for respondents.

### OPINION OF THE COURT

CREW III, J.

On July 18, 1990, the Legislature enacted Public Health Law § 19 (L 1990, ch 572) which provides, in pertinent part, that no physician licensed in this State may charge Federal Medicare beneficiaries more than a fixed percentage of the *"reasonable charge* for that service as determined by the United States secretary for health and human services" (Public Health Law § 19 [1] [a], [b] [emphasis supplied]). Effective January 1, 1992, the particular methodology used to determine the reasonable charge was replaced with a fee schedule which, in turn, is based upon a resource-based relative value scale *(see,* 42 USC § 1395w-4). As a result, petitioners sought a declaratory ruling from respondents regarding the applicability of Public Health Law § 19 after January 1, 1992. Petitioners took the position that Public Health Law § 19 would become unenforceable as of that date due to the incorporation of the phrase "reasonable charge" which, petitioners asserted, is a Medicare term of art. Petitioners further contended that the exemption in Public Health Law § 19 (2) for "procedure codes 90000 through 90170 in the Physician Current Procedural Terminology 4th Edition 1989" was also rendered obsolete by the adoption of new procedure codes by the Department of Health and Human Services (hereinafter HHS). In a series of declaratory rulings, respondents determined that Public Health Law § 19 remained enforceable after January 1, 1992 and that the statute's use of the phrase "reasonable

charge" referred to Medicare's recognized payment amount, regardless of the method used to calculate it.

Petitioners thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, *inter alia,* to annul respondents' determination and obtain a declaration that Public Health Law § 19 does not apply to services rendered by physicians to Medicare patients in this State after January 1, 1992. Supreme Court granted the petition to that extent and this appeal by respondents followed.

Resolution of this appeal lies in the construction given to the phrase "reasonable charge" as it is used in Public Health Law § 19. Our primary objective is, of course, to discern and apply the will of the Legislature *(see, Matter of Sutka v Conners,* 73 NY2d 395, 403; *Matter of American Communications Technology v State of N. Y. Tax Appeals Tribunal,* 185 AD2d 79, 81-82; *Matter of Baker v Kalil,* 182 AD2d 895, 896). " 'Where the statute is clear and unambiguous on its face, the legislation must be interpreted as it exists. Absent ambiguity the courts may not resort to rules of construction to broaden the scope and application of a statute' " *(Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674, quoting *Bender v Jamaica Hosp.,* 40 NY2d 560, 561-562; *see, Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345; *Matter of Baker v Kalil, supra,* at 896-897; *Schrader v Carney,* 180 AD2d 200, 205).

In interpreting the statute before us, we reject petitioners' assertion that the phrase "reasonable charge" is a Medicare term of art. Our review of the relevant Federal regulations *(see,* 42 CFR 405.501-405.507) leads us to conclude that the phrase "reasonable charge" as employed in the Medicare context simply means a charge, fee or amount that is reasonable, fair or appropriate for the services provided. Thus, the mere fact that the specific methodology employed to calculate that amount has changed does not render Public Health Law § 19 unenforceable. HHS will continue to calculate a reasonable charge for the various services provided to Medicare recipients, albeit under a new methodology and, in accordance with the plain meaning of Public Health Law § 19, the recovery available to physicians in this State will continue to be limited to a fixed percentage of that amount.

Moreover, even if we were to perceive an ambiguity in Public Health Law § 19, we nevertheless would be compelled

to interpret the phrase "reasonable charge" as it is used in that statute to mean a fee, amount or charge that is reasonable. It is apparent from the legislative history surrounding Public Health Law § 19 that the Legislature was aware that the particular methodology used to calculate Medicare's reasonable charge was due to change (see generally, Bill Jacket, L 1990, ch 572) and, further, that its over-all intent in enacting Public Health Law § 19 was to limit the amount a physician in this State may charge a Medicare beneficiary to a fixed percentage of the " 'reasonable fee' " or "reasonable rate" established by HHS (see, Mem of Member of Assembly Harenberg, 1990 NY Legis Ann, at 287; Governor's Mem, 1990 NY Legis Ann, at 288). Plainly, for us to interpret the statute in any other fashion would frustrate the clear intent of the Legislature and lead to an absurd result.

We have examined petitioners' remaining arguments and find them to be lacking in merit.

MIKOLL, J. P., YESAWICH JR., MERCURE and HARVEY, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination confirmed, petition dismissed and it is declared that Public Health Law § 19 has not been shown to be inapplicable to physicians' services provided on or after January 1, 1992.