■ In the Matter of EVAN PANTELOPOULOS et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [623 NYS2d 17] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioners, one of whom is the sole shareholder of Golden Hue Manufacturing, Inc., a subchapter "S" corporation that operates a Dunkin Donuts franchise in Dutchess County, claimed an investment tax credit (see, Tax Law § 606 [a]) against their personal income tax for 1986, 1987 and 1988 based on the purchase price of certain equipment used to make doughnuts and other baked goods. The Department of Taxation and Finance disallowed the credit and issued a deficiency notice, which—over petitioners' objection and following a hearing—was upheld by an Administrative Law Judge (hereinafter ALJ). Respondent Tax Appeals Tribunal affirmed the ALJ's determination, and petitioners thereafter commenced this proceeding in which they seek annulment of the Tribunal's decision.

In dispute is the Department's interpretation of Tax Law § 606 (a), which allows a taxpayer to take a credit against taxes otherwise due for a portion of the purchase price of equipment that is principally used "in the production of goods by manufacturing, processing" and sundry activities not relevant to this proceeding. Petitioners assert that inasmuch as the equipment at issue is used for manufacturing doughnuts and other baked goods, the credit was properly claimed. Relying on *Matter of General Mills Rest. Group v Chu* (125 AD2d 762), respondents contend that the Department's position is rationally based. Respondents argue that because petitioners are engaged primarily in retail sales, which is not disputed, their equipment purchases do not qualify for the investment credit, a tax credit intended to attract and retain businesses that are not dependent on locale for their existence.

In *Matter of General Mills,* this Court upheld the denial of a similar credit sought by a restaurant operator, finding it rational to base such a denial upon the fact that preparation of restaurant food did not constitute "processing" within the scope of the statute. The distinction made between the preparation of food for consumption on the premises and the type of "manufacturing" and "processing" encompassed by the statutory language, which was interpreted as comprehending only industrial activity that is not geared primarily to local retail sales, was found to be consistent with the expressed legislative intent behind the enactment of the statute. As a consequence, the agency's interpretation was upheld. There is no reason to reach a different result in the present case, for the record evidence supports the Tribunal's conclusion that petitioners' business is chiefly that of a restaurant or food service operation, not a manufacturing facility in the industrial sense.

Although the Department has apparently construed the similar wording of Tax Law § 1115 (c), a sales tax statute, more broadly, and granted petitioners an exemption from sales tax for utilities used in the baking operation, that is not unreasonable given the disparate purposes of these two statutes. The sales tax provision must be broadly construed so as to avoid pyramiding sales taxes and to assure that the tax is imposed only once, upon the sale to the ultimate consumer (*see, Matter of Burger King v State Tax Commn.,* 51 NY2d 614, 623; *Matter of American Communications Technology v State of New York Tax Appeals Tribunal,* 185 AD2d 79, 82-83, *affd* 83 NY2d 773); according the investment tax credit provision similar scope would result in extending its advantages beyond

those it was intended to benefit *(cf., Matter of General Mills Rest. Group v Chu, supra,* at 764).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.