■ In the Matter of 3M CARTING, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [640 NYS2d 644] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

Petitioner is a corporation primarily engaged in the business of removing and collecting rubbish and recyclable materials. For fiscal years ending August 31, 1982 and July 31, 1984, petitioner claimed investment credits of $2,428.01 and $6,955.69, respectively, for the acquisition of two packer trucks, which the Department of Taxation and Finance disallowed. Petitioner ultimately paid the tax assessed, together with interest and penalties, and in December 1990 filed claims seeking a refund of the tax paid. The Department denied petitioner's

claims and petitioner thereafter requested a conciliation conference, which it failed to attend, and a default order was issued.

Petitioner subsequently filed an administrative petition with the Division of Tax Appeals and consented to having the matter determined without a hearing. After reviewing the documentary evidence, the Administrative Law Judge (hereinafter ALJ) denied petitioner's claim for a refund for 1982 on the ground that such claim was untimely. Although the ALJ concluded that petitioner's claim for a refund for 1984 was timely, the claim was denied on the merits due to petitioner's failure to offer sufficient proof that the packer truck at issue was used in the production of goods through an activity encompassed by Tax Law former § 210 (12) (b). Respondent Tax Appeals Tribunal sustained the ALJ's determination, and this CPLR article 78 proceeding by petitioner ensued.

As a starting point, we are of the view that petitioner's claim for a refund for 1982 was properly denied as untimely. Tax Law § 1087 (a) provides that a claim for a credit or refund of an overpayment made under Tax Law article 9-A must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. The record reveals that the tax for 1982 was paid on or about August 17, 1987 and, therefore, petitioner had until August 17, 1989 to file its claim. As petitioner's claim was not filed until December 1990, the claim was untimely. To the extent that petitioner relies upon other documentation in the record to support its assertion that it indeed filed a timely claim in this regard, the Tribunal appropriately concluded that none of these documents may be construed as a claim for a refund.

With respect to petitioner's claim for a refund for 1984, although the claim was timely, the Tribunal properly found that petitioner had failed to demonstrate its entitlement to a refund. Tax Law former § 210 (12) (b) provided, in relevant part, that "[a] credit shall be allowed under this section with respect to tangible personal property and other tangible property * * * principally used by the taxpayer in the production of goods by manufacturing, processing, assembling, refining, mining, extracting, farming, agriculture, horticulture, floriculture, viticulture or commercial fishing". For purposes of this provision, "manufacturing" was defined as "the process of working raw materials into wares suitable for use or which gives new shapes, new quality or new combinations to matter which already has gone through some artificial process by the use of machinery, tools, appliances, and other similar equipment"

(*ibid.*; *see, Matter of Leisure Vue v Commissioner of Taxation & Fin.*, 172 AD2d 872, 873; *Matter of General Mills Rest. Group v Chu*, 125 AD2d 762, 763).

The record before us plainly establishes that petitioner's use of the packer truck in the collection, sorting and storage of recyclable materials does not qualify as the production of goods within the meaning of Tax Law former § 210 (12) (b) and, further, that its operations in this regard fall far short of meeting the definition of manufacturing. There is, quite simply, no evidence that the packer truck is used to alter the shape or substance of the materials collected. Although petitioner argues on review that its collection and sorting operation is akin to the mining or extraction of raw materials, also enumerated activities under the statute, we note only that the limited record before us fails to support petitioner's assertions in this regard. Accordingly, the determination denying petitioner the requested refunds and sustaining the tax imposed must be confirmed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.