In the Matter of ABDURRAHMAN AYDIN, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [917 NYS2d 427]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to, among other things, review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Following a sales tax audit, petitioner was determined to owe additional sales taxes and penalties based upon the sale of fuel and cigarettes at his gas stations and convenience stores. When petitioner sought a redetermination, respondent Tax Appeals Tribunal held that Tax Law § 1111 (h) required that the cigarette excise tax be included in the calculation of receipts of cigarette sales subject to sales tax, and that subdivision (k) of the

same section required that the petroleum business tax be included in the calculation of receipts from fuel sales subject to sales tax. As a result, petitioner owed additional sales tax for the years subject to the audit, as well as penalties and interest pursuant to Tax Law § 1145. Petitioner then brought this CPLR article 78 proceeding to review the Tribunal's determination.

Petitioner asserts that the calculation of taxable sales pursuant to Tax Law § 1111 (h) and (k) results in impermissible double taxation and a prohibited sales tax pyramid. It is well settled, however, that the imposition of double taxation is permissible as long as the Legislature expresses a clear and distinct intention to do so (see *Socony-Vacuum Oil Co., Inc. v City of New York*, 247 App Div 163, 165 [1936], *affd* 272 NY 668 [1936]; *Sage Realty Corp. v O'Cleireacain*, 185 AD2d 188, 189 [1992], *lv dismissed* 80 NY2d 1024 [1992]). Here, the Legislature's intention to impose a double tax is clear from the unambiguous language of Tax Law § 1111 (h) and (k), which specify that the cigarette excise tax and petroleum business tax are to be included in the respective receipts subject to sales tax (*see also* Tax Law § 1101 [b] [3]). Further, these statutory provisions do not create an impermissible pyramid, since the pyramiding of sales taxes occurs only when businesses are taxed upon the purchase of component materials or equipment used to create products that are taxed when sold to the consumer (*see* Tax Law § 1101 [b] [4] [i] [A]; § 1115 [a] [12]; *Matter of Burger King v State Tax Commn.*, 51 NY2d 614, 623-624 [1980]; *Matter of Pantelopoulos v Commissioner of Taxation & Fin.*, 213 AD2d 768, 769 [1995]; *Matter of American Communications Tech. v State of N.Y. Tax Appeals Trib.*, 185 AD2d 79, 82 [1993], *affd* 83 NY2d 773 [1994]).

As for petitioner's contention that Tax Law § 1111 (h) and (k) are unconstitutional,* we note that " '[t]he Legislature has nearly unconstrained authority in the design of taxing measures unless they are utterly unreasonable or arbitrary' " (*National Assn. of Ind. Insurers v State of New York*, 207 AD2d 191, 200 [1994], *affd* 89 NY2d 950 [1997], quoting *Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 349 [1979]). To the extent that petitioner argues an arbitrary classification in violation of the Due Process Clause, we note that tax laws, by their very nature, are designed to classify and will not be disturbed

---

* As a CPLR article 78 proceeding is not the proper vehicle to address the constitutionality of the statute, we will convert the portion of this proceeding seeking such relief into a declaratory judgment action (*see* CPLR 103 [c]; *Matter of Consolidated Rail Corp. v Tax Appeals Trib. of State of N.Y.*, 231 AD2d 140, 142 [1997], *appeal dismissed* 91 NY2d 848 [1997]).

"provided all persons in the same situation are treated alike and the tax [is] imposed equally upon all property of the class to which it belongs" (*Ampco Print.—Advertisers' Offset Corp. v City of New York*, 14 NY2d 11, 24 [1964], *appeal dismissed* 379 US 5 [1964] [internal quotation marks omitted]). Moreover, the Due Process Clause "no more forbids double taxation than it does doubling the amount of a tax; short of confiscation or proceedings unconstitutional on other grounds" (*Shapiro v City of New York*, 32 NY2d 96, 103 n 6 [1973], *appeal dismissed* 414 US 804 [1973] [internal quotation marks omitted]; *see A. Magnano Co. v Hamilton*, 292 US 40, 44 [1934]). Finally, we have considered petitioner's request for abatement in the alternative and find it to be unavailing.

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the proceeding is partially converted to an action for declaratory judgement, without costs, it is declared that Tax Law § 1111 (h) and (k) have not been shown to be unconstitutional, remainder of petition dismissed and determination confirmed.