Matter of XO Communications Servs., LLC v Tax Appeals Trib. of the State of N.Y. (2020 NY Slip Op 02213)





Matter of XO Communications Servs., LLC v Tax Appeals Trib. of the State of N.Y.


2020 NY Slip Op 02213


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

527336

[*1]In the Matter of XO Communications Services, LLC, Petitioner,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Ward Greenberg Heller & Reidy LLP, Rochester (John E. Van Allen of Van Allen LLC, Camp Hill, Pennsylvania, admitted pro hac vice), for petitioner.
Letitia James, Attorney General, Albany (Brian D. Ginsburg of counsel), for Commissioner of Taxation and Finance, respondent.



Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal denying petitioner's requests for a refund of sales tax imposed under Tax Law article 28.
Petitioner is a New York public utility that provides telecommunication services to consumers nationwide. In November 2013 and August 2014, petitioner applied to the Department of Taxation and Finance (hereinafter the Department) for two separate refunds of state sales tax paid on purchases of electricity that it used to power and deliver its telecommunication services. The first claim requested a refund in the amount of $15,023.75 for electricity that petitioner purchased between May 2012 and July 2013. The second claim requested a refund in the amount of $1,108,350.21 for electricity that petitioner purchased between September 2011 and May 2014. The Department denied petitioner's refund claims and, following conciliation teleconferences, the Department's denials were upheld. Petitioner thereafter filed petitions with the Division of Tax Appeals for a redetermination and refund of its sales tax liability. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the determinations, rejecting petitioner's argument that its electricity purchases are exempt from sales tax as a component part of the telecommunication services that it provides. The ALJ also concluded that petitioner failed to meet its burden of proving that it purchased electricity for resale such that it was entitled to an exclusion from sales tax liability or that the imposition of such tax resulted in double taxation. Petitioner filed an exception to the ALJ's determination and, following oral argument, respondent Tax Appeals Tribunal affirmed the ALJ's determination. Petitioner then commenced this CPLR article 78 proceeding, seeking to, among other things, annul the Tribunal's determination.
We start with the appropriate standard of review. "It is well settled that this Court's review of the Tribunal's determination is limited to whether it has a rational basis and is supported by substantial evidence" (Matter of Zuckerman v Tax Appeals Trib. of the State of N.Y., 174 AD3d 1073, 1074 [2019] [internal quotation marks and citations omitted]). Importantly, the Court of Appeals has clarified that, when determining whether a taxpayer is entitled to exclude items from taxation there is "a singular and workable rule for construing exemptions, exclusions and deductions" and, where a statute or regulation authorizing an exemption and/or exclusion is found, "the presumption is in favor of the taxing power" and "will be construed against the taxpayer" (Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d 587, 593-594 [2019]). It is a taxpayer's burden, therefore, to overcome a tax assessment and establish its unambiguous entitlement to an exclusion by demonstrating that a particular item falls within the language of the identified statutory exclusion (id. at 594). Ultimately, so long as there are facts or reasonable inferences to be drawn from the record to sustain the Tribunal's determination, it must be upheld, even if a different conclusion would not have been unreasonable (see id.; Matter of CLM Assoc., LLC v New York State Tax Appeals Trib., ___ AD3d ___, ___, 2020 NY Slip Op 01531, *3 [2020]; Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d 1154, 1154 [2008]).
Petitioner initially contends that the electricity that it purchased and used to produce and deliver its telecommunication services should be excluded from sales tax under the "retail sale" provision of Tax Law § 1105 (a) because said electricity was purchased and resold to its customers "as a component part" of its taxable telecommunication services (20 NYCRR 526.6 [c] [1]). Tax Law § 1105 (a) provides that sales tax shall be paid upon "[t]he receipts from every retail sale of tangible personal property, except as otherwise provided in this article" (emphasis added). In turn, 20 NYCRR 526.6 (c), which pertains specifically to retail sales, provides that, "[w]here a person, in the course of his [or her] business operations, purchases tangible personal property or services which he [or she] intends to sell, either in the form in which purchased, or as a component part of other property or services, the property or services which he [or she] has purchased will be considered as purchased for resale, and therefore not subject to tax until he [or she] has transferred the property to his [or her] customer." To qualify for an exclusion under Tax Law § 1105 (a) or 20 NYCRR 526.6 (c), therefore, the electricity petitioner purchased and thereafter resold must constitute tangible personal property. Pursuant to Tax Law § 1101 (b) (6), tangible personal property is defined as "[c]orporeal personal property of any nature" which "shall not include gas, electricity, refrigeration and steam." Although said definition provides that electricity may be considered as tangible personal property under certain circumstances for the imposition of tax pursuant to Tax Law § 1105 (b), said exception does not apply to "retail sales" and, moreover, electricity is not included in the definition of tangible personal property pursuant to Tax Law § 1105 (a) (compare Tax Law § 1105 [a], with Tax Law § 1105 [b]).[FN1] Further, this Court, when ruling on a similar argument previously raised by petitioner's corporate predecessor, expressly determined that "[e]lectricity, simply stated, is not a tangible piece of property that has a material existence or physical form. As such, . . . it does not qualify as tangible personal property" (Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d at 1157; see 20 NYCRR 526.8). Thus, based on the foregoing, we find nothing irrational in the Tribunal's determination that petitioner was not entitled to an exclusion from sales tax pursuant to Tax Law § 1105 (a) or 20 NYCRR 526.6 (c).
The Tribunal also rationally denied petitioner's refund claims as it failed to plainly and clearly establish that the electricity it transmitted to its customers was purchased for resale under Tax Law § 1105 (b) (1). Tax Law § 1105 (b) (1) imposes sales tax on "[t]he receipts from every sale, other than sales for resale" of, among other utility services, electricity. The question before this Court, therefore, is whether petitioner's purchases of electricity qualified as a purchase for resale so as to be entitled to this exclusion. To that end, 20 NYCRR 527.2 (e) provides that "[p]urchases of utility services by a utility for resale as such may be made without payment of the sales tax" (emphasis added). Here, petitioner failed to demonstrate that the electricity purchases that it made were, in fact, made for "resale as such" (i.e., that it purchased electricity to then resell to its customers for consumptive use as electricity). The record demonstrates that petitioner is in the business of selling telecommunication services, not electricity. Although petitioner purchased electricity to produce and deliver the telecommunication services it sold to its customers, at no point did it provide electricity to its customers in the same manner as an ordinary utility. Petitioner did not advertise to its customers that it was offering electricity for sale, petitioner's customers could not independently consume the electricity that they were supposedly provided nor were they separately invoiced or billed for said electricity based upon the quantity thereof purportedly consumed (see generally Debevoise & Plimpton v New York State Dept. of Taxation & Fin., 80 NY2d 657, 662 [1993]). Rather, the electricity that petitioner's customers "received" came solely in the form of the telecommunication services that petitioner independently sold, not electricity that it purchased for resale (see Tax Law § 1105 [b] [1]; 20 NYCRR 527.2 [e]; see also Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d at 1155). Accordingly, giving the relevant statute and regulation a plain language reading, acknowledging the presumption in favor of the taxing power and having reviewed the record, we find that it was rational for the Tribunal to determine that petitioner failed to establish its entitlement to an exclusion from sales tax (see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d at 1155; see also Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 33 NY3d at 594-595).
Petitioner's claim that denial of the exclusion under Tax Law § 1105 (b) results in improper double taxation or impermissible tax pyramiding is without merit. This Court previously held in a similar matter involving petitioner's corporate predecessor that "[t]here is nothing inherently improper in taxing petitioner's purchase of electricity and imposing a second tax on those individuals who purchase its telecommunications services" (Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d at 1158; see also Matter of Aydin v Commissioner of Taxation & Fin., 81 AD3d 1203, 1204 [2011]). Finally, even assuming, without deciding, that petitioner established its entitlement to application of the resale exclusion under Tax Law § 1105 (b) (1), the Tribunal nevertheless rationally determined that petitioner's refund claims were properly denied as it failed to adequately establish the quantity of electricity that it purportedly resold to its customers. Accordingly, based on the foregoing, we find that the Tribunal properly denied petitioner's refund claims. To the extent not specifically addressed, petitioner's remaining claims have been reviewed and found to be without merit.
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Nor does it mandate that electricity be considered as tangible personal property in every circumstance when imposing sales tax under Tax Law § 1105 (b).